1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   Barbara A. Minton,                    )   CV 11-00461-PHX-FJM
                                          )
10          Plaintiff,                     )   **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Michael J. Astrue,                    )
13                                        )
            Defendant.                     )
14  _____        )

15

16          We have before us plaintiff's motion for attorneys' fees (doc. 27), defendant's response

17  (doc. 28), and plaintiff's reply (doc. 29).

18          Plaintiff filed this action challenging the Administrative Law Judge's ("ALJ") denial

19  of her application for social security benefits, arguing that the ALJ's errors warranted a

20  remand for immediate payment of benefits (doc. 15).  In lieu of responding to plaintiff's

21  opening brief, defendant filed a motion to remand for further proceedings (doc. 18), which

22  plaintiff opposed (doc. 22).  In opposing defendant's motion, plaintiff argued that the ALJ's

23  errors warranted an immediate award of benefits based on the credit-as-true rule.  See

24  Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). We granted defendant's motion and

25  remanded the action for further proceedings (doc. 23).  We found that an award of benefits

26  was not warranted because there were outstanding issues that must be addressed on remand

27  before a determination of disability could be made.  We noted that the ALJ found that

28  plaintiff was dependent on cannabis.  Because the record contained evidence of drug

1  addiction, we concluded that the ALJ would still need to consider "whether [her] drug
2  addiction. . . is a contributing factor material to the determination of disability" before a
3  finding of disability could be reached.  See 20 C.F.R. § 404.1535(a).

4      When pursuing attorneys' fees under the  Equal Access to Justice Act ("EAJA"), we
5  assess the relationship between the fees requested by the prevailing party and the results
6  obtained to determine a reasonable fee award.  See Atkins v. Apfel, 154 F.3d 986, 988 (9th
7  Cir. 1998).  The court should decrease the amount of fees awarded "for any portion of the
8  litigation in which the party has unreasonably protracted the proceedings."  28 U.S.C. §
9  2412(d)(2)(D).  We should exclude fees for time unreasonably spent, including "hours that
10 are excessive, redundant, or otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424,
11 434, 103 S. Ct. 1933, 1939-40 (1983).  Here, plaintiff initially requested a total of $6,483.18,
12 representing 35.9 hours of work at the rate of $180.59 per hour.  Defendant does not oppose
13 an award of EAJA fees, and does not oppose the reasonableness of the hourly rate.  However,
14 defendant argues that plaintiff should not be compensated for time spent opposing his motion
15 for remand, which would reduce the award by 11 hours.

16     Defendant argues that plaintiff's opposition to his motion to remand was unreasonable
17 because, given the circumstances of this case, plaintiff should not have expected the court
18 to remand for an immediate award of benefits.  We agree that plaintiff's expectation of an
19 award of benefits was unreasonable.  Plaintiff did not challenge the ALJ's finding that
20 cannabis dependence was a severe impairment.  This finding is relevant to the overall
21 question of whether plaintiff is entitled to benefits, because a person is not considered
22 disabled "if alcoholism or drug addiction would. . . be a contributing factor material to the
23 Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); see
24 also 20 C.F.R. § 404.1535(a) ("If we find that you are disabled and have medical evidence
25 of your drug addiction or alcoholism, we must determine whether your drug addiction or
26 alcoholism is a contributing factor material to the determination of disability.").  In this case,
27 because the ALJ found that plaintiff was not disabled, he never considered the question of
28 whether her drug addiction is a contributing factor to that disability.  Accordingly, even if

1   plaintiff's testimony was credited as true, it was not clear from the record that she would be

2   entitled to benefits. See Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (evidence

3   of potential alcohol abuse, which "might disqualify [plaintiff] from receiving benefits," was

4   one "unanswered question[]" that made district court's remand for further proceedings

5   appropriate). Thus, plaintiff should not reasonably have expected that we would remand the

6   action for an immediate award of benefits.

7       Here, plaintiff essentially treated defendant's motion to remand as a response to her

8   opening brief, and responded by filing her reply brief (doc. 22).  Defendant, on the other

9   hand, waited almost two months after plaintiff's opening brief was filed (and nine months

10  after the complaint was filed) to file his motion for remand. Compare Penrod v. Apfel, 54 F.

11  Supp. 2d 961, 963 (D. Ariz. 1999) (defendant's contention that plaintiff unnecessarily

12  prolonged the proceedings meritless when defendant filed motion to remand "two months

13  after" plaintiff's brief) with McLaurin v. Apfel, 95 F. Supp. 2d 111, 115-16 (E.D.N.Y. 2000)

14  (plaintiff not entitled to fees for unreasonably rejecting offer to remand made before

15  defendant answered the complaint).

16      Moreover, plaintiff's continued litigation of this case resulted in a remand more

17  beneficial to her than that offered by defendant.  Although defendant conceded that errors

18  were made, he argued that the ALJ reasonably discounted plaintiff's subjective symptoms.

19  We disagreed, ordering the ALJ on remand to "reevaluate the plaintiff's subjective

20  symptoms." Order at 13.  By litigating this issue, plaintiff prevailed in securing a new

21  evaluation of her subjective symptoms. Although she did not succeed in securing immediate

22  benefits, she achieved more than she would have had she stipulated to a remand on

23  defendant's terms.  Thus, although plaintiff should not have reasonably expected a remand

24  for immediate award of benefits, we conclude that her opposition to the motion to remand

25  brought her some success and did not "unreasonably protract[] the proceedings." 28 U.S.C.

26  § 2412(d)(2)(D).

27      Defendant has not otherwise objected to the amount of fees awarded under EAJA,

28  other than to remind us this award must be made to the plaintiff, not her counsel. See Astrue

1  v. Ratliff, __ U.S. __, 130 S. Ct. 2521, 2524 (2010).  Accordingly, we will award fees for the

2  full 35.9 hours spent on this action, which at $180.59 per hour totals $6,483.18.  Plaintiff also

3  requests fees for the additional 1.6 hours she spent replying in support of her motion.

4  Because plaintiff has successfully opposed defendant's challenge to the amount of fees, we

5  may award this additional amount.  See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n.10, 110

6  S. Ct. 2316, 2321 n.10 (1990).  At the rate of $180.59 per hour for 1.6 hours, that comes to

7  an additional $288.94.[1]

8          Accordingly, **IT IS ORDERED GRANTING** plaintiff's motion for attorneys' fees

9  (doc. 27).  Plaintiff is awarded $6,772.12 in EAJA fees.

10         DATED this 21st day of June, 2012.

12  _____

13                     Frederick J. Martone
                  United States District Judge

_____

27      [1] Plaintiff asked for an additional $469.53.  However, dividing this amount by 1.6

28  hours yields a rate of $293.46 per hour.